IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cr-16 |
| | ) | |
| v. | ) | |
| | ) | |
| KRISHAN KUMAR AGGARWAL and | ) | |
| CHERIAN JOHN, | ) | |
| Defendants. | ) | |

**DEFENDANT CHERIAN JOHN'S PROPOSED JURY INSTRUCTIONS**

Now comes Defendant Cherian John, by and through undersigned counsel Christopher J. Gagin, Esq. and Stephen S. Stallings, Esq., and proposes the following jury instructions in anticipation of trial in this matter.

Respectfully submitted,

*/s/ Stephen S. Stallings*
Stephen S. Stallings, Esq.
Pa. ID #205131
attorney@stevestallingslaw.com
310 Grant Street, Suite 3600
Pittsburgh, PA 15219
Tel.: (412) 322-7777
Fax: (412) 322-7773

*/s/ Christopher J. Gagin*
Christopher J. Gagin, Esq.
WV ID # 13200
McCamic, Sacco & McCoid, PLLC
chris@mspmlaw.com
56 Fourteenth Street
P.O. Box 151
Wheeling, WV 26003
Tel.: (304) 232-6750
Fax: (304) 232-3548

*Attorneys for Cherian John*

## INSTRUCTION NO. 1
(Presumption of Innocence)

The law presumes Cherian John to be innocent, and the presumption of innocence alone is sufficient to acquit a defendant, unless the jury is satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of the evidence introduced at trial. A defendant has no obligation to establish his innocence. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt, and this burden never shifts to the defendant. If the jury, after careful and impartial consideration of all the evidence, has a reasonable doubt that a defendant was guilty of the charge under consideration, you must find that defendant not guilty of that charge.

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged. The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case. A defendant is never required to prove his innocence. A defendant is not required to produce any evidence at all.

---

*United States v. Porter*, 821 F.2d 968, 973 (4th Cir. 1987).

7th Circuit Pattern Jury Instructions, 1.03.

## **INSTRUCTION NO. 2**
(Conspiracy Elements)

To find Dr. John guilty of the conspiracy as alleged in Count I the government must prove each of the following elements beyond a reasonable doubt:

First:          Two or more persons, including the defendant, agreed to distribute controlled substances;

Second:          The defendant knew of the essential objective of the alleged conspiracy;

Third:          The defendant knowingly and voluntarily became part of the alleged conspiracy; and

Fourth:          Each of the members of the alleged conspiracy depended on one another to carry out the alleged conspiracy.

Fifth:          In order to prove a conspiracy, the government must also prove a specific agreement to commit a specific crime for the same criminal purpose between Dr. John and others.

The burden of proof rests on the government to prove each and every element of conspiracy beyond a reasonable doubt. If you find the government has failed to prove any of those elements beyond a reasonable doubt, then you must find Dr. John not guilty.

---

10th Circuit Criminal Pattern Jury Instructions 2.87 (2011)

*United States v. Stewart*, 256 F.3d 231, 250 (4th Cir. 2001) quoting *United States v. Heckard*, 238 F.3d 1222, 1229 (10th Cir. 2001)

*United States v. Bell*, 954 F.2d 232 (4th Cir. 1992)

**<u>INSTRUCTION NO. 3</u>**
(Conspiracy: Proof of Specific Agreement Needed)

Dr. John is charged in Count I of the Indictment with conspiring with others to knowingly and intentionally distribute controlled substances outside the bounds of medical practice. You must find Dr. John not guilty of the conspiracy unless you first find that the government has proven he entered into a specific agreement with others to commit the crimes charged in the conspiracy in the Northern District of West Virginia.

---

*United States v. Watson*, 594 F.2d 1330 (10th Cir. 1979).

*United States v. Dickey*, 736 F.2d 571 (10th Cir. 1984).

## INSTRUCTION NO. 4
(Conspiracy: Knowledge of Conspiracy; Voluntary)

Dr. John is charged in Count I of the Indictment with conspiring with others to knowingly and intentionally distribute controlled substances outside the bounds of medical practice within the Northern District of West Virginia. The Court instructs the jury that you must find Dr. John not guilty of the conspiracy, unless you find that a conspiracy to distribute controlled substances outside the bounds of medical practice actually existed, that he knew of the conspiracy, and that with that knowledge, he voluntarily joined it.

---

*United States v. Dickey*, 736 F.2d 571 (10th Cir. 1984).

**INSTRUCTION NO. 5**
(Conspiracy: Association with "Bad People" Insufficient)

You may not find Dr. John guilty of conspiracy to distribute controlled substances outside the bounds of medical practice based solely upon his association with bad people who are committing a crime or recovering addicts. The law requires more than the mere association with bad people who are committing crimes to be shown to support a conspiracy conviction. It is not a conspiracy as alleged in Count I of the indictment to simply work at the same place with others.

Therefore, if you find from the evidence presented in this case that Dr. John simply worked at an office where others were committing crimes but took no active role in such crimes and did not enter into any specific agreement to commit any specific crimes with those people, then you must find Dr. John not guilty of conspiracy as charged in Count I of the indictment.

---

*United States v. Bell*, 954 F.2d 232 (4th Cir. 1992)

**INSTRUCTION NO. 6**
(Number of Witnesses)

In their deliberations, the jury should not make any decisions simply by counting the number of witnesses who testified about a certain point.  You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses. What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

---

7th Circuit Pattern Jury Instructions, 2.04.

## **INSTRUCTION NO. 7**
(Malpractice, Guidelines, or Standard of Care Insufficient to Convict)

The jury is instructed that it may not convict Defendant John of the charges in the indictment solely on a finding that he has committed malpractice, intentional or otherwise. Rather, the benchmark for criminal liability is the higher showing that the practitioner intentionally has distributed controlled substances for no legitimate medical purpose and outside the usual course of professional practice. A violation of a State Medical Board rule, Federal Guideline, or standard of care is not alone sufficient to render a prescription for other than a legitimate medical purpose or outside the usual course of professional practice.

---

21 U.S.C. § 841(a)(1)

*United States v. Feingold,* 454 F.3d 1001, 1010 (9th Cir. 2006)

*United States v. McIver,* 470 F.3d 550 (4th Cir. 2006)

*United States v. Hurwitz,* 459 F.3d 463, 475 (4th Cir. 2006)

## <u>INSTRUCTION NO. 8</u>
(Distribution of Controlled Substances Elements)

To find Dr. John guilty of distribution of controlled substances outside the usual course of professional practice as alleged in Count I, the government must prove each of the following elements beyond a reasonable doubt:

First:        He knowingly or intentionally distributed a controlled substance;

Second:        He knew the substance was controlled under the law;

Third:        His actions were not for legitimate medical purposes in the usual course of professional practice and

Fourth:        were beyond the bounds of medical practice.

With respect to the third element, in order to find Dr. John guilty of distributing a controlled substance "outside the usual course of professional practice," you must first determine, based upon the evidence presented through expert testimony, what the usual course of professional practice is as it relates to prescribing buprenorphine (Suboxone).

---

21 U.S.C. § 841(a)(1)

*United States v. Hurwitz*, 459 F.3d 463, 475 (4th Cir. 2006)

*United States v. McIver*, 470 F.3d 550 (4th Cir. 2006) citing *United States v. Feingold*, 454 F.3d 1001 (9th Cir. 2006).

## INSTRUCTION NO. 9
(Outside the Bounds of Professional Medical Practice)

There are no specific guidelines concerning what is required to support a conclusion that a defendant physician acted outside the usual course of professional practice and for other than a legitimate medical purpose. In making a medical judgment concerning the right treatment for an individual patient, physicians have discretion to choose among a wide range of options.  Therefore, in determining whether a defendant acted without a legitimate medical purpose, you should examine all of a defendant's actions and the circumstances surrounding the same.

It is solely for you to decide whether the government has proved beyond a reasonable doubt that the defendant acted not for legitimate medical purposes in the usual course of professional practice or beyond the bounds of medical practice. For you to find that the government has proved this essential element, you must determine that the government has proved beyond a reasonable doubt that the defendant was acting outside the bounds of professional medical practice in that authority to prescribe controlled substances was being used other than for treatment of a patient.

Put another way, the government must prove as to each count beyond a reasonable doubt that the defendant dispensed the specific controlled substance other than for a legitimate medical purpose and not within the bounds of professional medical practice. A physician's own methods do not in and of themselves establish what constitutes medical practice. In determining whether the defendant's conduct was within the bounds of professional practice, you should, subject to the instructions I give you concerning the credibility of experts and other witnesses, consider the

10

testimony you have heard relating to what has been characterized during the trial as the norms of professional practice. You should also consider the extent to which, if at all, any violation of professional norms you find to have been committed by the defendant interfered with his treatment of his patients and contributed to an over prescription and/or excessive dispensation of controlled substances.

---

*United States v. McIver*, 470 F.3d 550 (4th Cir. 2006).

## INSTRUCTION NO. 10
(Good Faith Defense)

The defense maintains that Dr. John treated his patients in good faith and is not guilty of any crimes. A physician cannot be convicted of unlawful distribution of a controlled substance if he acted in good faith in issuing the prescription. Good faith is not merely a doctor's sincere intention towards the people who come to see him, but rather it involves his sincerity in attempting to conduct himself in accordance with a standard of practice generally recognized and accepted in the United States. Thus, it connotes an observance of conduct in accordance with what the physician reasonably believed to be proper medical practice.

The defendant does not have to prove that he acted in good faith; rather, the burden of proof remains on the government to prove to you beyond a reasonable doubt that the defendant distributed or dispensed the controlled substances without a legitimate medical purpose or beyond the bounds of medical practice.

In considering whether Dr. John acted in good faith in distributing or dispensing these controlled substances, you should consider his actions and the circumstances surrounding them. If you find that Dr. John acted in good faith in distributing or dispensing these controlled substances, then you must find him not guilty.

---

*United States v. Hurwitz*, 459 F.3d 463 (4th Cir. 2006) citing *United States v. Voorhies*, 663 F.2d 30, 34 (6th Cir. 1981).

## INSTRUCTION NO. 11
(Defense of Entrapment by Estoppel)

The Defendant Cherian John contends that he lawfully engaged in the conduct charged against in the indictment in reasonable reliance on the 2015 DEA inspection of Redirections by DEA Diversion Investigators and their assurance that this conduct was lawful and in compliance with all DEA regulations relating to the treatment of patients with Suboxone and Subutex.

A defendant who commits an offense in reasonable reliance on such an official assurance does not act knowingly and should be found not guilty.  In order to be found not guilty for this reason, the defendant must prove the following three things are more likely true than not true:

1. An official of the United States government, with actual or apparent authority over the matter, told the defendant that his conduct would be lawful; and

2. The defendant actually relied on what this official told him in taking this action; and

3. The defendant's reliance on what the official told him was reasonable.

In deciding this, you should consider all of the relevant circumstances, including the identity of the government official, what that official said to the defendant, and how closely the defendant followed any instructions the official gave.

---

7th Circuit Pattern Jury Instructions, 6.07.

**INSTRUCTION NO. 12**
(Reliance on Public Authority)

The defendant Cherian John contends that he acted in reliance on public authority. A defendant who commits an offense in reliance on public authority does not act knowingly; and should be found not guilty. To be found not guilty based on reliance on public authority, the defendant must prove that each of the following three things are more likely true than not true:

1. An agent of the United States government authorized the defendant to engage in the conduct charged against the defendant in the indictment.

2. The government agent had the actual authority to grant authorization for the defendant to engage in this conduct; and

3. In engaging in this conduct, the defendant reasonably relied on the agent's authorization.

In deciding this, you should consider all of the relevant circumstances, including the identity of the government official, what that official said to the defendant, and how closely the defendant followed any instructions the official gave.

---

7th Circuit Pattern Jury Instructions, 6.06.

# INSTRUCTION NO. 13
(Good Faith: Healthcare Fraud)

In determining whether or not the defendant acted with an intent to defraud, you may consider whether or not the defendant had a good-faith belief in the truthfulness of representations made by him or a good faith belief that the prescriptions and the payment thereof by federal health care programs were lawful. If you find that Dr. John had such a belief, the government has not carried its burden to prove willfulness and the defendant must be found not guilty. This is true even if the good-faith belief is objectively unreasonable.

---

*Cheek v. United States*, 498 U.S. 192, 202-03 (1991).

**INSTRUCTION NO. 14**
(Testimony of Expert Witnesses)

Witnesses on both side of this case have testified as experts. The law permits expert testimony if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid you, the jury, to understand or resolve a fact at issue. An expert witness is allowed to give his opinion about a certain matter. You should evaluate this testimony as you do the testimony of any other witness. In addition, you should consider whether the expert's opinion is based on adequate education or experience or that his professed field of expertise is sufficiently reliable, accurate, and dependable. You need not accept the opinion of the witness if you believe the reasons supporting the opinion are unsound or if contradictory evidence casts doubt on it.

---

*United States v. Baller*, 519 F.2d 463, 467 (4th Cir. 1975).

## **INSTRUCTION NO. 15**
(Testimony of Government Agents)

In considering the testimony of a witness who is a police officer or agent of the government, you may not give more weight to the testimony of a police officer or agent of the government than you give to the testimony of other witnesses for the mere reason that the witness is a police officer or an agent of the government.

---

*United States v. N-Jie*, No. 06-4908, 2008 WL 2001316, n.2 (4th Cir. 2008).

**INSTRUCTION NO. 16**
(Witness Testimony: Lower Sentence)

The testimony of a witness who provides evidence against someone else to escape punishment or receive a lower sentence for his or her own misdeeds or crimes must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated. The jury must determine whether the witness' testimony has been affected by self-interest in the outcome of this case or by prejudice against the defendant.

---

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th edition, § 15.02.

18

**INSTRUCTION NO. 17**
(Witness Testimony: Plea Agreement)

Although a witness may have testified in this trial under a plea agreement with the government in which that witness agreed to testify truthfully, the plea agreement signed by such witness is no guarantee of truthful testimony. You, the jury, are still the final judges of whether the testimony given by any witness in this case was truthful or not.  In determining such truthful testimony, you may rely on the factors I have previously told you concerning the evaluation of witness testimony in general.

_____

*United States v. Henderson*, 717 F.2d 135 (4th Cir. 1983).

**INSTRUCTION NO. 18**
(Prescriptions for Buprenorphine: DATA Waiver; Responsibility of Pharmacist)

A prescription may be issued for "detoxification treatment" or "maintenance treatment," if the prescription is for a Schedule III, IV, or V narcotic drug approved by the Food and Drug Administration specifically for use in maintenance or detoxification treatment.  Suboxone is such a Schedule III drug. The practitioner physician must also be in compliance with requirements of law. You have heard testimony that Dr. John had the appropriate DATA-waiver license to prescribe Suboxone, also known as Buprenorphine, as well as Subutex for the treatment of addiction. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription.

---

21 CFR § 1306.04.

## **INSTRUCTION NO. 19**
(Suboxone Treatment and Counseling)

Dr. John was permitted to prescribe Suboxone (Buprenorphine) and Subutex under his DATA-waiver license for the treatment of addiction and to refer patients for appropriate counseling by others. With respect to patients to whom the practitioner provided such drugs or combinations of drugs, the individual practitioner has the capacity to provide directly or by referral, or in such other manner as determined by the Secretary of Health and Human Services:

(A)    All drugs approved by the Food and Drug Administration for the treatment of opioid use disorder, including for maintenance, detoxification, overdose reversal, and relapse prevention; and

(B)    To the extent necessary, appropriate counseling and other appropriate ancillary services.

---

Title 21 CFR § 1301.28.