## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
               **Plaintiff**

**v.**                                          **Criminal No. 5:18CR16**

**KRISHAN KUMAR AGGARWAL and**
**CHERIAN JOHN,**

               **Defendants.**

### UNITED STATES' PROPOSED JURY INSTRUCTIONS

Now comes the United States of America and William J. Powell, United States

Attorney for the Northern District of West Virginia, by Sarah E. Wagner and Andrew R.

Cogar, Assistant United States Attorneys, and file these Proposed Jury Instructions in

anticipation of trial in this matter.

                              Respectfully submitted,

                              WILLIAM J. POWELL
                              United States Attorney

By:  /s/ Sarah E. Wagner
       Sarah E. Wagner
       Andrew R. Cogar
       Assistant United States Attorney
       United States Attorney's Office

## INSTRUCTION NO. 1

### (Statute Defining Conspiracy to Violate Federal Drug Laws)

Title 21, United States Code, Section 846 provides that "[a]ny person who attempts or conspires to commit any [violations of federal drug laws as] defined in this title" shall be guilty of an offense against the United States.

_____

21 U.S.C. § 846

2

## INSTRUCTION NO. 2

### (Conspiracy to Distribute Controlled Substances - Elements)

A conspiracy is an agreement between two or more persons to join together to accomplish an unlawful purpose. It is a kind of partnership in crime in which each member becomes the agent of every other member. In order to establish the offense charged in Count 1 of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to unlawfully distribute Suboxone as charged in Count 1 of the indictment; and

Second, that the defendants knew of this agreement or conspiracy; and

Third, that the defendants knowingly and voluntarily participated in or became a part of this agreement or conspiracy.

You are instructed that, as a matter of law, Suboxone is a controlled substance as that term is used in these instructions and in the indictment and in the statute that I just read to you.

The government must prove the conspiracy came into existence during or reasonably near the period of time charged in the indictment and the defendants knowingly joined in the conspiracy within or reasonably near the same time period.

A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in a criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other.

While only the defendants' acts or statements could be used to prove that defendant's membership in a conspiracy, evidence of the defendants' acts or statements may be provided by the statements of co-conspirators.

The essence of the crime of conspiracy is an agreement to commit a criminal act. But there does not have to be evidence that the agreement was specific or explicit. By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement. Therefore, the government may prove a conspiracy by circumstantial evidence. Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of the association, the defendants' attitude and conduct and the nature of the conspiracy.

One may be a member of a conspiracy without knowing the full scope of the conspiracy, or all of its members, without taking part in the full range of its activities or over the whole period of its existence. The conspiracy does not need a discrete, identifiable organizational structure. The fact that a conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy. The government need not prove that the defendants knew all the particulars of the conspiracy or all of his co-conspirators. It is sufficient if the defendants played only a minor part in the conspiracy. Thus a variety of conduct can constitute participation in a conspiracy. Moreover, a defendant may change his role in the conspiracy.

Once it has been shown that a conspiracy existed, the evidence need only establish a slight connection between the defendants and the conspiracy. The government must produce evidence to prove the defendants' connection beyond a reasonable doubt, but the

connection itself may be slight, because the defendants do not need to know all of their co-conspirators, understand the reach of the conspiracy, participate in all the enterprises of the conspiracy, or have joined the conspiracy from its inception.

Presence at the scene of criminal activity is material and probative in the totality of the circumstances in determining the defendants' participation in the conspiracy, but proof beyond a reasonable doubt of presence coupled with an act that advances the conspiracy is sufficient to establish participation in the conspiracy.  Mere presence at the scene of an alleged transaction or event, mere association with persons conducting the alleged activity, mere similarity of conduct among various persons and the fact that they may have associated with each other or assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy. Also a person who has no knowledge of a conspiracy but who happens to act in a way which advances some object or purpose of a conspiracy does not thereby become a conspirator.

Mere knowledge, acquiescence or approval of a crime is not enough to establish that an individual is part of a conspiracy. The government must show that the defendants knew the purpose of the conspiracy and took some action indicating his participation.

_____

United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001)

United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc)

United States v. Cotton, 261 F.3d 397, 402 n.2 (4th Cir. 2001)

United States v. Queen, 132 F.3d 991 (4th Cir. 1997)

Salinas v. United States, 522 U.152 S. 52, 63-64 (1997)

United States v. Loscalzo, 18 F.3d 374, 383 (7th Cir. 1994)

United States v. Gallardo-Trapero, 185 F.3d 307, 322 (5th Cir. 1999)

## <u>INSTRUCTION NO. 3</u>

**(Statute Defining Unlawful Distribution of a Controlled Substance)**

Title 21, United States Code, Section 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally to . . . distribute, or dispense . . . a controlled substance."

_____

21 U.S.C. § 841(a)(1)

**INSTRUCTION NO. 4**

**(Distribution of a Controlled Substance by Physician - Elements)**

Dr. Aggarwal is charged in Counts 5 through 11 of the indictment with unlawful distribution of a controlled substance outside the bounds of his professional medical practice in violation of Title 21, United States Code, Section 841(a)(1).  Dr. John is charged in Counts 12 through 16 of the indictment with unlawful distribution of a controlled substance outside the bounds of his professional medical practice in violation of Title 21, United States Code, Section 841(a)(1).  With respect to each count, the government must prove each of the following elements beyond a reasonable doubt to support a guilty verdict:

First, the defendants charged caused a controlled substance to be distributed;

Second, the defendants did so knowingly or intentionally, that is to say, that the defendants knew the substance was a controlled substance under the law;

Third, the defendants' actions were not for legitimate medical purposes in the usual course of professional medical practice or were beyond the bounds of medical practice.

_____

21 U.S.C. § 841(a)(1)

United States v. McIver, 470 F.3d 550 (4th Cir. 2006)

United States v. Hurwitz, 459 F.3d 463, 475 (4th Cir. 2006)

## INSTRUCTION NO. 5

### (Who May Order Prescriptions for Controlled Substances)

No one may lawfully distribute controlled substances by prescription unless they are specifically authorized by their professional license and registered with the DEA to do so.  Moreover, no one may lawfully distribute buprenorphine, also known as suboxone, by prescription for the purpose of treating drug addiction, unless they are specifically authorized by their professional license, undergo special training, and register with the DEA to do so. A practitioner who is authorized by his professional license, properly trained, and registered with the DEA to order prescriptions for buprenorphine, or suboxone, for the purpose of treating drug addiction is considered to be a "DATA-waived" practitioner. DATA is an acronym for the Drug Addiction Treatment Act of 2000.  Only physicians and certain other practitioners with particular medical licenses may become DATA-waived practitioners.  Social workers, such as Jennifer Hess, may not become DATA-waived practitioners.  Nor can non-medical laypersons such as Chris Handa, Kelly Forney, Star Delp or Meg Steele, become DATA-waived practitioners.

Once a practitioner becomes DATA-waived, he may not lawfully delegate his authority to order prescriptions for buprenorphine or suboxone to any other individuals. While a practitioner may allow another individual to communicate a prescription for buprenorphine or suboxone to a pharmacy, only that practitioner is permitted to order the prescription.  In other words, a practitioner may not give to others blanket authority to make decisions to give a patient a prescription for buprenorphine or suboxone; to make dose changes to a prior prescription for buprenorphine or suboxone; or to override a

physician's order to maintain a particular dose of buprenorphine or suboxone.

Unauthorized individuals cannot lawfully make such medical decisions instead of the physician, nor can they order prescriptions for buprenorphine or any other controlled substance.

---

21 U.S.C. § 841(a) ("Except as authorized . . . it shall be unlawful for any person knowingly or intentionally to . . . . distribute . . . a controlled substance.")

21 U.S.C. § 822(b) (authorizing registered individuals to distributed controlled substances)

21 U.S.C. § 823(g)(2) (registration requirements for practitioners dispensing narcotic drugs for narcotic treatment)

21 U.S.C. § 823(g)(2)(G)(ii) & (iv) (identifying physicians, nurse practitioners, clinical nursing specialists, certified registered nurse anesthetists, certified nurse midwives and physician assistants as only practitioners who may qualify for DATA-waiver)

United States v. Boccone, 556 Fed. Appx. 215, 230 (4th Cir. 2013) (unpublished) (holding that evidence that non-physician directed or ordered prescriptions for controlled substances was sufficient to support conviction under 21 U.S.C. § 841(a))

United States v. Orta-Rosario, 469 Fed. Appx. 140, 144 (4th Cir. 2012) (unpublished) (affirming convictions of doctor and employee of online prescription service where non-medical personnel were permitted to write prescriptions with pre-signed blank prescription forms)

## INSTRUCTION NO. 6

**(Statute Defining Aiding and Abetting)**

Title 18, United States Code, Section 2(a) provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal."

_____

18 U.S.C. § 2(a)

## INSTRUCTION NO. 7

### (Aiding and Abetting - Elements)

The guilt of an accused in a criminal case may be established without proof that he personally did every act constituting the offense alleged. The law recognizes that ordinarily anything a person can do for himself may also be accomplished by him through direction of another person as his agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise. For you to find the defendants guilty of aiding and abetting the distribution of controlled substances, the government must prove each of the following beyond a reasonable doubt:

> First, the defendants aided and abetted by others, knowingly or intentionally caused the distribution of suboxone outside the bounds of professional medical practice;

> Second, the defendants knowingly associated with Jennifer Hess and Chris Handa for the purpose of distributing suboxone outside the bounds of professional medical practice; and

> Third, the defendants knowingly participated in the distribution of suboxone outside the bounds of professional medical practice.

It is not enough that the defendants merely associated with the person or persons who committed the crime. The government must prove beyond a reasonable doubt that the defendants knowingly associated with and participated in the distribution of suboxone outside the bounds of professional medical practice.

_____

Pattern Jury Instr. For Fed. Crim. Cases, Dist. S.C. at 6 (2018 Online Edition)

## INSTRUCTION NO. 8

### ("Cause to be Distributed" -- Defined)

In order to prove that the defendants caused a controlled substance to be distributed, the government is not required to show that they actually delivered the drug to the ultimate user. Rather, the government may satisfy this element by proving beyond a reasonable doubt that the defendants wrote the prescription for the controlled substance or aided and abetted another in doing so.

_____

21 U.S.C. §§ 802(8), 802(10) & 802(11)

21 C.F.R. § 1306.04(a)

## INSTRUCTION NO. 9

### (Proof of Beyond the Bounds of Medical Practice)

In making a medical judgment concerning the right treatment for an individual patient, physicians have discretion to choose among a wide range of options. Therefore, in determining whether a defendant acted beyond the bounds of medical practice, you should examine all of a defendant's actions and the circumstances surrounding the same.

Certain types of evidence may suggest that a doctor has prescribed a controlled substance outside the bounds of medical practice. Such evidence could include one or more of the following:

- Prescribing drugs without performing any physical examinations or only very superficial ones;

- Prescribing drugs without taking a medical history of a patient;

- Prescribing drugs without having a true doctor-patient relationship;

- Allowing unauthorized individuals to direct or order prescriptions for controlled substances; and

- Violating an applicable professional regulation.

These examples are neither conclusive nor exhaustive. They are simply meant to give you an idea of the kind of behavior from which you might conclude that a doctor was prescribing drugs not for legitimate medical purposes in the usual course of professional practice or beyond the bounds of medical practice. It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that

the defendants acted not for legitimate medical purposes in the usual course of

professional practice or beyond the bounds of medical practice.

_____

United States v. Rosen, 582 F.2d 1032, 1036 (5th Cir. 1978)

United States v. McIver, 470 F.3d 550, 556 (4th Cir. 2006)

United States v. Singh, 54 F.3d 1182, 1187 (4th Cir. 1995)

United States v. Tran Trong Cuong, 18 F.3d 1132, 1137-1138 (4th Cir. 1994)

United States v. Daniel, 3 F.3d 775, 777 (4th Cir. 1993)

United States v. Martinez, 588 F.3d 301 (6th Cir. 2009)

United States v. Boccone, 556 Fed. Appx. 215, 230 (4th Cir. 2013) (unpublished)

United States. v Orta-Rosario, 469 Fed. Appx. 140, 144 (4th Cir. 2012 (unpublished)

United States v. Mahar, 801 F.2d 1477, 1487 (6th Cir. 1986)

## INSTRUCTION NO. 10

### (Knowingly and Intentionally – Defined)

An act is done knowingly when it is done voluntarily and not because of accident, mistake or some other innocent reason. An act is done intentionally when it is done deliberately and purposefully.

---

Fifth Cir. Crim. Pattern Jury Instr.  1.37 (2012)

Eleventh Cir. Crim. Pattern Jury Instr. B9.1A (2017)

## **INSTRUCTION NO. 11**

### **(Motive Need Not Be Proved)**

In proving that the defendants unlawfully distributed a controlled substance or conspired to do so, the government need not prove their motive. Therefore, to support a conviction for any of the offenses alleged against the defendants, the government is only required to prove the elements of those offenses beyond a reasonable doubt, as I have instructed you.

---

United States v. Singh, 54 F.3d 1182, 1188 (4th Cir. 1995) ("In sum, although the testimony does not adduce compelling evidence that Dr. Singh prescribed with malicious motive or the desire to make a profit, those motivations, though common in 841(a)(1) prosecutions, are not required to convict.")

## INSTRUCTION NO. 12

### (Schedules of Controlled Substances)

You have heard various substances referred to as "Schedule II," "Schedule III," or Schedule IV" drugs or substances. The term "schedule" is simply a classification of a controlled substance based on the potential for abuse of the substance, whether the substance has accepted medical uses in treatment, and whether abuse of the substance may lead to physical or psychological dependence. Federal law regulates distribution of controlled substances based on their schedule.

Schedule II substances have a high potential for abuse, have a currently accepted medical use (with or without severe restrictions), and if abused, may lead to severe psychological or physical dependence.

Schedule III substances have a potential for abuse that is less than substances which are classified as Schedule II. Schedule III substances also have a currently accepted medical use in treatment, and if abused, may lead to moderate or low physical dependence or high psychological dependence.

Schedule IV substances have a low potential for abuse relative to substances which are classified as Schedule III. Schedule IV substances also have a currently accepted medical use in treatment, and if abused, may lead to limited psychological or physical dependence.

_____

21 U.S.C. § 812

## INSTRUCTION NO. 13

### (Good Faith)

A physician cannot be convicted of conspiring to unlawfully distribute suboxone or aiding and abetting the unlawful distribution of suboxone if he acted in good faith in issuing the prescription.  Good faith in this context is not merely a physician's sincere intention towards the patients who come to see him. Rather, it involves his sincerity in attempting to conduct himself in accordance with a standard of professional medical practice generally recognized and accepted in the country. Thus, it indicates an observance of conduct in accordance with what the physician should reasonably believe to be proper medical practice.

The defendant does not have to prove that he acted in good faith. The burden of proof remains on the government at all times to prove to you beyond a reasonable doubt that the defendants conspired to distribute suboxone outside the bounds of professional medical practice, as charged in Count One of the Indictment, and aided and abetted the distribution of suboxone outside the bounds of professional medical practice, as charged in Counts Five through Sixteen of the indictment.

In considering whether the defendants acted in good faith, you should consider the defendants' actions and all the facts and circumstances in the case.  If you find that the defendants acted in good faith, then you must find the defendants not guilty.

_____
United States v. Hurwitz, 459 F.3d 463 (4th Cir. 2006), citing United States v. Voorhies, 663 F.2d 30, 34 (6th Cir. 1981)

## <u>INSTRUCTION NO. 14</u>

**(Federal and State Regulations Governing Prescription of Controlled Substances)**

A physician's conduct may constitute a violation of applicable professional regulations as well as applicable criminal statutes. A violation of a professional regulation does not in and of itself establish a violation of the criminal law. You should consider the totality of the defendants' actions and the circumstances surrounding them and the extent and severity of any violations of professional norms you find he committed.

I will now instruct you on some of the federal and statute regulations that relate to the evidence presented in this case.

_____

<u>United States v. McIver</u>, 470 F.3d 550, 556 (4th Cir. 2006)

<u>United States v. Hitzig</u>, 63 Fed. Appx. 83, 87 (4th Cir. 2003) (unpublished)

## INSTRUCTION NO. 15

### (Delegating Prescriptive Authority to Other Individuals)

Title 21 of the Code of Federal Regulations, Section 1306.03 provides that "[a] prescription for a controlled substance may be issued only by an individual practitioner who is . . . authorized to prescribe controlled substances by the jurisdiction in which he is licensed to practice his profession and [is] registered . . . . A prescription issued by an individual practitioner may be communicated to a pharmacist by an employee or agent of the individual practitioner."

The West Virginia Code of State Rules governing the West Virginia Board of Medicine provides in part: "The Board may . . . place a licensee on probation, suspend a license, limit or restrict a license or revoke any license issued by the Board, upon satisfactory proof that the licensee has . . . [d]elegated professional responsibilities to a person whom the licensee knew or had reason to know is not qualified by training, experience or licensure to perform the responsibilities."

In other words, only an individual practitioner who is authorized to prescribe controlled substances and is appropriately registered may issue, or order, a prescription for a controlled substance. A prescription may be communicated to a pharmacist by an employee of the individual practitioner, but only upon the order of the individual practitioner. A physician who delegates prescription-ordering authority to an unauthorized, unregistered individual is in violation of Federal and State regulations.

_____

W. Va. C.S.R. § 11-1A-12.1.aa

21 C.F.R. § 1306.03

## INSTRUCTION NO. 16

**(Ongoing Physician-Patient Relationship With Patients to Whom Controlled Substances Are Prescribed)**

The West Virginia Code of State Rules governing the West Virginia Board of Medicine provides in part: "The Board may . . .  place a licensee on probation, suspend a license, limit or restrict a license or revoke any license issued by the Board, upon satisfactory proof that the licensee has . . . [e]ngaged in . . . [a] practice of providing treatment recommendations relating to issuing prescriptions . . . for persons without establishing an ongoing physician-patient relationship where in the physician has obtained information adequate to support the prescription. . . ."

In other words, a physician may not prescribe controlled substances to a patient with whom they do not have an ongoing, face-to-face relationship.  A physician who prescribes controlled substances to a patient whom they do not have an ongoing physician-patient relationship is in violation of State regulations.

_____
W. Va. C.S.R. §§ 11-1A-12.1.e, 11-1A-12.2.k

# INSTRUCTION NO. 17

## (Consciousness of Guilt)

You may consider evidence that the defendants did, or attempted to, fabricate or suppress evidence, as showing consciousness of guilt. This evidence alone is not sufficient to establish guilt, and the significance to be attached is a matter for you, the jury, to determine.

You may also consider, as evidence of consciousness of guilt, a specific statement made by the defendants denying guilt or involvement, if you find that the statement was not true.

Conduct of a defendant, including statements knowingly made and acts knowingly done, upon being informed of the crime that has been committed or upon being confronted with criminal charges may be considered by the jury in light of all the evidence in the case in determining the guilt or innocence of the defendants. When a defendant voluntarily and intentionally offers an explanation and makes some statement tending to show his innocence and the explanation of the statement later is shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of guilt. Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or a statement tending to establish his innocence. Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury.

24

_____

United States v. Young, 248 F.3d 260, 273 (4th Cir. 2001)

United States v. Abney, 508 F.2d 1285, 1286 (4th Cir. 1975)

United States v. Nusraty, 867 F.2d 759, 765 (2nd Cir. 1989)

United States v. Billups, 692 F.2d 320, 329-30 (4th Cir. 1982)

Jacob v. Johnson, 2011 U.S. Dist. LEXIS 33117, *22 n. 14 (E.D. Va. 2011)

United States v. McDougald, 650 F.2d 532, 533 (4th Cir. 1981)

## **CERTIFICATE OF SERVICE**

I, Sarah E. Wagner, certify that on May 20, 2019, I electronically filed the foregoing

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** with the Clerk using the

CM/ECF system, which will send notification of such filing to the counsel of record.


 /s/ Sarah E. Wagner
Sarah E. Wagner
Assistant United States Attorney
United States Attorney's Office
320 W. Pike Street, Suite 300
Clarksburg, WV 26301-2710
Phone number (304) 623-7030
Facsimile number (304) 623-7031

26