IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cr-16 |
| | ) | |
| v. | ) | |
| | ) | |
| KRISHAN KUMAR AGGARWAL and | ) | |
| CHERIAN JOHN, | ) | |
| Defendants. | ) | |

## DEFENDANT CHERIAN JOHN'S RESPONSE TO GOVERNMENT'S MOTIONS *IN LIMINE*

Defendant Cherian John, by and through undersigned counsel, hereby respectfully files this response to the Government's Motions *in Limine* (Dkt. No. 115).

### I.   The Opinions of Dr. Rick Chavez

Defendant John proposes Dr. Rick Chavez as an expert witness in this case. The Government argues that Dr. Chavez should not be allowed to testify regarding (i) the ultimate issue of the "validity and justice" of the charges against Dr. John; (ii) the good intentions and fear of doctors in treating patients for drug addiction, the mad intentions, mistake or "ignorance" of the government, the feelings of shame on the part of the individuals addicted to drugs; (iii) the laws and practices surrounding medication assisted drug addiction treatment in Europe; (iv) his views on the lack of potential for abuse, dependence, and suboxone-related overdoses or his views that diversion of suboxone does not exist or is harmless; (v) opioid treatment programs or the rules that govern them, and; (vi) the qualifications of Dr. Thomas.

1

**(i)     The validity and justice of the charges against Dr. John**

The Government argues that Dr. Chavez should not be allowed to testify regarding the ultimate issue of the validity and justice of the charges against Dr. John. With respect to this topic, unless the government opens the door to this subjects, Dr. John does not intend to affirmatively offer this opinion in the Defendant's case in chief.

**(ii)    The good intentions and fear of doctors in treating patients for drug addiction, about the bad intentions, mistake or "ignorance" of the government, or about the feelings of shame on the part of individuals addicted to drugs**

Dr. Chavez should be allowed to testify regarding the good intentions and fear of doctors in treating patients for drug addiction, about the bad intentions, mistake or "ignorance" of the government, and about the feelings of shame on the part of individuals addicted to drugs because testimony on these topics will assist the jury in understanding the evidence at trial. These subjects fall within Dr. Chavez's area of expertise.  Drug addiction treatment, and more specifically, Suboxone treatment, are foreign topics to most lay persons. In order to understand the evidence at trial, the jury must first understand the nature of addiction, issues relating to doctor behavior in treating drug addiction, and the feelings surrounding drug addiction. Dr. Chavez should be permitted to discuss these subjects in order to help the jury understand Suboxone treatment generally.  Dr. Chavez's testimony on these topics will help the jury determine whether Dr. John was acting in furtherance of legitimate medical practice.

**(iii)   The laws and practices surrounding medication assisted drug addiction treatment in Europe**

Dr. Chavez should be allowed to testify regarding the laws and practices surrounding medication assisted drug addiction treatment in Europe because testimony on these topics will assist the jury in understanding the evidence at trial. The laws and practices surrounding medication assisted drug addiction treatment fall within Dr. Chavez's area of expertise and are relevant issues in this case.  Dr. Chavez should be permitted to discuss these subjects in order to help the jury understand Suboxone treatment and why Suboxone is handled the way it is in the United States.  Dr. Chavez's testimony on these topics will help the jury determine whether Dr. John was acting in furtherance of legitimate medical practice.

**(iv)   Dr. Chavez's views on the lack of potential for abuse, dependence, and suboxone- related overdoses, or on his views that diversion of suboxone does not exist or is harmless**

Dr. Chavez should be allowed to testify regarding his views on the lack of potential for abuse, dependence, and suboxone- related overdoses, or on his views that diversion of suboxone does not exist or is harmless because testimony on these topics will assist the jury in understanding the evidence at trial. These subjects fall within Dr. Chavez's area of expertise.  The potential for abuse, instances of overdose, and issues related to diversion are all relevant issues in this case. Dr. Chavez should be permitted to discuss these subjects in order to help the jury understand Suboxone treatment generally, including the risks and benefits of treating drug addiction with Suboxone. Dr. Chavez's testimony on these topics will help the jury determine whether Dr. John was acting in furtherance of legitimate medical practice.

### (v)    Opioid treatment programs or the rules that govern them

The Government argues that Dr. Chavez should not be allowed to testify regarding (v) the ultimate issue of opioid treatment programs or the rules that govern them. With respect to this topic, unless the government opens the door to this subjects, Dr. John does not intend to affirmatively offer this opinion in the Defendant's case in chief.

### (vi)   Qualifications of Dr. Thomas

The Government argues that Dr. Chavez should not be allowed to testify regarding the qualifications of Dr. Thomas. With respect to this topic, unless the government opens the door to this subjects, Dr. John does not intend to affirmatively offer this opinion in the Defendant's case in chief.

## II.  Duplicative Expert Testimony

Defendant John proposes Dr. Rick Chavez and Dr. James Murphy as potential expert witnesses in this case. These two expert witnesses may be presented by the defense for different purposes. The defense may present one expert to offer his own expert opinion as to the aspects of this case, including expert opinions regarding Dr. John and his treatment of patients at RTA. The defense may also present one expert to rebut the opinions of the government's expert Dr. Thomas.

Furthermore, the Government's attempt to exclude a defense expert at this stage improperly invades trial strategy. In the event Dr. John decides to put on a case in his own defense, the defense may call one of these expert witnesses to present

evidence in its case in chief, as is the Defendant's constitutional right under the 6th Amendment. Should the government choose to call a rebuttal witness at the conclusion of the defendant's case in chief, the defense may call one of Dr. John's proposed expert witnesses as a rebuttal expert witness, which is the Defendant's constitutional right under the 5th, 6th and 14th Amendments. Courts in this circuit have found that excluding experts prior to eliciting testimony is premature. *See Dorman v. Anne Arundel Med. Ctr.*, 2018 U.S. Dist. LEXIS 89627, at *7-8 (D. Md. May 29, 2018) (Excluding alleged duplicative experts would be premature because not all of the experts may be called and testimony hadn't been elicited yet). If the Government believes Defendant John's expert testimony at trial is duplicative, it can renew its motion to exclude cumulative evidence at trial. *See Id.*

WHEREFORE, the Court should deny the Government's Motion *in Limine* With Respect to Duplicative Testimony.

### III.  Standard on Outside the Bounds of Professional Medical Practice

In order to prove Dr. John guilty of distribution of a controlled substance under 21 U.S.C. § 841(a), the government must prove beyond a reasonable doubt that Dr. John knowingly or intentionally distributed a controlled substance, that Dr. John knew it was controlled under the law, and that Dr. John's actions were not for legitimate medical purposes in the usual course of professional practice or were beyond the bounds of medical practice. 21 U.S.C. § 841(a)(1); *United States v. McIver*,

470 F.3d 550 (4th Cir. 2006); *United States v. Hurwitz*, 459 F.3d 463, 475 (4th Cir. 2006).

In the event the Government, in order to meet its burden of proof, presents evidence that Dr. John's actions were not for legitimate medical purposes in the usual course of professional practice, Dr. John has the right to present evidence and argue that his actions were for legitimate medical purposes in the usual course of professional practice. In the event the Government, in order to meet its burden of proof, presents evidence that Dr. John's actions were beyond the bounds of medical practice, Dr. John has the right to present evidence and argue that his actions were not beyond the bounds of medical practice.

Dr. John does not intend to make arguments or present evidence that is contrary to Fourth Circuit precedent on the elements regarding the Government's burden of proof.  However, the Government may not turn the standard required in this case to one of civil malpractice or negligence. Undersigned counsel has attempted to work with counsel for the Government to reach stipulated jury instructions on the issue of required standards and good faith. Dr. John filed a separate motion *in limine* requesting a cautionary jury instruction prior to the introduction of evidence. (Dkt. No. 117). In that motion, Dr. John respectfully requested that the Court read the following instruction prior to the introduction of evidence:

> During this case you may hear evidence of professional norms sometimes referred to as "best practices" or "standard of care." You may also hear evidence about the West Virginia administrative regulations for physicians. It is important for you to understand that a violation of a professional norm or the West Virginia administrative regulation does not in and of itself establish a violation of criminal law. A violation of a professional norm or state regulation

may be a basis for malpractice or a state licensing complaint to discipline a physician's license. However, in order to prove a violation of criminal law, the Government is required to prove beyond a reasonable doubt that Dr. John [and Dr. Aggarwal] prescribed controlled substances for other than a legitimate medical purpose or outside the course of professional practice. This requires more than proving that a physician violated the civil standard but that he abandoned his role as a physician and prescribed controlled substances for a reason other than the medical treatment of a patient or outside the course of professional practice.

*Gonzales v. Oregon*, 546 U.S. 243, 260 (2006); *United States v. Orta-Rosario*, 469 Fed. Appx. 140 (4th Cir. 2012); *United States v. McIver*, 470 F.3d 550, 560 (4th Cir. 2006); *United States v. Alerre*, 430 F.3d 681 (4th Cir. 2005); *United States v. Tran Tron Cuong*, 18 F.3d 1132 (4th Cir. 1994); *US v. Brizuela*, 1:18-CR-00001, at Docket Nos. 255, p. 3; 258 pp 1-2.

This instruction accurately states the law on this issue and instructs the jury appropriately. Undersigned counsel also proposed the following good faith instruction to Government counsel:

It is the theory of the defense that defendants Dr. John and Dr. Aggarwal treated their patients in good faith. A physician cannot be convicted of unlawful distribution of a controlled substance if he acted in good faith in issuing the prescription. Good faith in this context is not merely a physician's sincere intention towards the people who come to see him. Rather, it involves his sincerity in attempting to conduct himself in accordance with a standard of medical practice generally recognized and accepted in the country. Thus, it connotes an observance of conduct in accordance with what the physician reasonably believed to be proper medical practice. The defendant does not have to prove that he acted in good faith; rather, the burden of proof remains on the government to prove to you beyond a reasonable doubt that the defendant distributed or dispensed the controlled substances without a legitimate medical purpose or beyond the bounds of medical practice. In considering whether the defendant acted in good faith in distributing or dispensing these controlled substances, you should consider the defendant's action and the circumstances surrounding them. If you find that the defendant acted in good faith in distributing or dispensing these controlled substances, then you must find him not guilty.

*United States v. Hurwitz*, 459 F.3d 463 (4th Cir. 2006), *citing United States v. Voorhies*, 663 F.2d 30, 34 (6th Cir. 1981).

While Dr. John does not intend to make arguments or present evidence that is contrary to Fourth Circuit precedent on the elements regarding the Government's burden of proof, the above instructions are critical to ensure the Government does not attempt to turn the required standard of criminal intent into that of civil malpractice or negligence.

Respectfully submitted,

Dated: May 21, 2019          By:     */s/ Stephen S. Stallings*
                                     Stephen S. Stallings, Esquire
                                     PA ID No. 205131
                                     attorney@stevestallingslaw.com
                                     310 Grant Street, Suite 3600
                                     Pittsburgh, PA 15219
                                     T: 412-322-7777
                                     F: 412-322-7773


                                     */s/ Christopher J. Gagin*
                                     Christopher J. Gagin, Esquire
                                     WV ID #13200
                                     McCamic, Sacco & McCoid, PLLC
                                     chris@mspmlaw.com
                                     56 Fourteenth Street
                                     P.O. Box 151
                                     Wheeling, WV 26003
                                     Tel.: (304) 232-6750
                                     Fax: (304) 232-3548

                                     *Attorneys for Cherian John*